UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

NEVA HAMMON, Individually and as    )    CASE NO.
Executrix of the Estate of Howard A.   )
Hammon, III, Deceased                  )    JUDGE
3277 Longwood Drive                 )
Norton, OH  44203                   )
                                   )
                  Plaintiff     )
                                   )
    vs.                            )
                                   )
CITY OF MIDDLEBURG HEIGHTS    )    **<u>COMPLAINT</u>**
c/o Law Director, Peter Hull           )
15700 Bagley Road                  )    ***[Jury Demand Endorsed Hereon]***
Middleburg Heights, OH 44130      )
                                   )
      and                        )
                                   )
OFFICER DAVID L. HOLDERBAUM    )
City of Middleburg Heights          )
Division of Police                  )
c/o John W. Maddox, Jr., Chief of Police  )
15850 Bagley Road                  )
Middleburg Heights, OH  44130     )
                                   )
      and                        )
                                   )
OFFICER DAVID L. HOLDERBAUM    )
410 Great Oaks Trail                )
Medina, OH  44281-8705          )
_____ )

and )
)
OFFICER ERIC J. BURGETT )
City of Middleburg Heights )
Division of Police )
c/o John W. Maddox, Jr., Chief of Police )
15850 Bagley Road )
Middleburg Heights, OH  44130 )
)
and )
)
OFFICER ERIC J. BURGETT )
7660 Webster Road )
Middleburg Heights, OH  44130 )
)
and )
)
OFFICER JOSEPH DUFF )
aka James Duff )
City of Middleburg Heights )
Division of Police )
c/o John W. Maddox, Jr., Chief of Police )
15850 Bagley Road )
Middleburg Heights, OH  44130 )
)
and )
)
OFFICER JOSEPH DUFF )
aka James Duff )
14187 Claremont Avenue )
Middleburg Heights, OH  44130 )
)
and )
)
JOHN W. MADDOX, JR. )
CHIEF OF POLICE )
City of Middleburg Heights )
Division of Police )
15850 Bagley Road )
Middleburg Heights, OH  44130 )
)
)
)
)
)
_____ )

2

```
          and                            )
                                         )
JOHN W. MADDOX, JR.                      )
CHIEF OF POLICE                          )
7400 Pinewood Drive                      )
Middleburg Heights, OH  44130            )
                                         )
          and                            )
                                         )
OFFICER RAYMOND BULKA                    )
City of Middleburg Heights               )
Division of Police                       )
c/o John W. Maddox, Jr., Chief of Police )
15850 Bagley Road                        )
Middleburg Heights, OH  44130            )
                                         )
          and                            )
                                         )
OFFICER RAYMOND BULKA                    )
871 Gayer Drive                          )
Medina, OH  44256                        )
                                         )
                        Defendants       )
_____ )
```

Now comes Plaintiff, Neva Hammon, Individually and as Executrix of the Estate of Howard A. Hammon, III, Deceased, by and through counsel, and for her Complaint against the above-captioned Defendants, states and avers as follows:

## <u>INTRODUCTION</u>

1.      This is a civil rights violations wrongful death action.

2.      The claims asserted herein arise from the June 13, 2011 homicide of Plaintiff's Decedent, Howard Hammon, age 41.  Howard was repeatedly Tasered, beaten, restrained, and placed prone in grass while handcuffed by Middleburg Heights Police Officers who responded to the scene of a motor vehicle collision in Middleburg Heights, Ohio.

3

3.      Plaintiff asserts claims under Title 42, § 1983 of the United States Code ("U.S.C.") for violation of her Decedent Howard Hammon's right to be free from unreasonable excessive force under the protections of the Fourth Amendment to the United States Constitution.

4.      Plaintiff asserts § 1983 claims against Defendants City of Middleburg Heights and/or Middleburg Heights Police Chief John Maddox for failure to properly train and/or supervise its police officers, and for promulgating and/or ratifying customs, policies and/or procedures, and conduct which proximately caused the violation of Howard Hammon's federal constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

5.      Plaintiff asserts pendant state common law claims for assault and battery, and malicious, willful, outrageous, reckless, wanton, and/or bad faith conduct resulting in Howard Hammon's wrongful death.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims in this civil action arise under the Constitution and laws of the United States, to wit, the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

7.      Pendant jurisdiction over state law claims asserted herein is invoked.

8.      The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), (e)(1), and (e)(2).

## **PARTIES**

10.     Plaintiff Neva Hammon is the duly appointed Executrix of the Estate of Howard A. Hammon, III, Deceased, Cuyahoga County Probate Court Case No. 2011 EST 0170779, residing in the Northern District of Ohio.

11.     Howard A. Hammon, III, Deceased, was, at all times relevant, a citizen of Ohio residing in the Northern District of Ohio.

12.     At all times relevant, Defendant David L. Holderbaum ("Holderbaum") was a police officer employed by the City of Middleburg Heights, Ohio acting under the color of state law within the course and scope of his employment.  Defendant Holderbaum is a "person" under 42 U.S.C. § 1983.  Defendant Holderbaum is sued herein in his individual and official capacities.

13.     At all times relevant, Defendant Eric J. Burgett ("Burgett") was a police officer employed by the City of Middleburg Heights, Ohio acting under the color of state law within the course and scope of his employment.  Defendant Burgett is a "person" under 42 U.S.C. § 1983.  Defendant Burgett is sued herein in his individual and official capacities.

14.     At all times relevant, Defendant Joseph Duff aka James Duff ("Duff") was a police officer employed by the City of Middleburg Heights, Ohio acting under the color of state law within the course and scope of his employment.  Defendant Duff is a "person" under 42 U.S.C. § 1983.  Defendant Duff is sued herein in his individual and official capacities.

15.     At all times relevant, Defendant Raymond Bulka ("Bulka") was a police officer employed by the City of Middleburg Heights, Ohio acting under the color of state

law within the course and scope of his employment.  Defendant Bulka is a "person" under 42 U.S.C. § 1983.  Defendant Bulka is sued herein in his individual and official capacities.

16.    At all times relevant, Defendant John W. Maddox, Jr. ("Maddox") was the Chief of Police of the City of Middleburg Heights, Ohio.  At all times relevant, Defendant Maddox was a policymaker for the City of Middleburg Heights, Ohio's Police Department charged with the non-delegable duty to adequately and properly train and supervise police officers employed by the City of Middleburg Heights, Ohio.  Defendant Maddox is a "person" under 42 U.S.C. § 1983.  Defendant Maddox is sued herein in his official capacity.

17.    Defendant the City of Middleburg Heights, Ohio ("Middleburg Heights" or the "City") is, and was at all times relevant, a political subdivision and unit of local government duly organized under the laws of the state of Ohio residing in the Northern District of Ohio and acting under the color of law.  Defendant Middleburg Heights is a "person" under 42 U.S.C. § 1983.

## STATEMENT OF THE FACTS

18.    On June 13, 2011, at approximately 11:00 PM, Plaintiff's Decedent, Howard Hammon, was involved in a motor vehicle accident near the intersection of Pearl Road and Fowles Road in the City of Middleburg Heights, Ohio.

19.    Defendants Holderbaum, Burgett, Duff, and Bulka were dispatched to and arrived at the scene of the accident.

20.    Defendants Holderbaum and Burgett attempted to handcuff and take Mr. Hammon into custody.

21.     During the arrest Defendants Holderbaum, Burgett and/or Duff tackled/threw Mr. Hammon to the ground, shot him with Taser guns, and beat him.

22.     Upon information and belief: at 11:06:36 PM, Defendant Burgett Tasered Mr. Hammon for five (5) seconds; at 11:06:40 PM, Defendant Holderbaum Tasered Mr. Hammon for five (5) seconds; at 11:06:47 PM, Defendant Burgett Tasered Mr. Hammon for 10 seconds; at 11:07:05 PM, Defendant Burgett Tasered Mr. Hammon for seven (7) seconds; at 11:07:08 PM, Defendant Holderbaum Tasered Mr. Hammon for eight (8) seconds; at 11:07:46 PM, Defendant Burgett Tasered Mr. Hammon for 23 seconds; and at 11:07:47 PM, Defendant Duff Tasered Mr. Hammon for 16 seconds.

23.     While he was on the ground, Defendants Holderbaum, Burgett and/or Duff kicked and struck Mr. Hammon.

24.     After Tasering, kicking, and striking Plaintiff's Decedent, Howard Hammon, Defendants Holderbaum, Burgett, Duff and/or Bulka handcuffed Mr. Hammon's hands behind his back and placed/left him lying in the grass face down (prone).

25.     Upon their arrival at or around 11:16 PM on June 13, 2011, emergency medical personnel found Mr. Hammon lying prone in the grass with his hands cuffed behind his back.  Mr. Hammon had no pulse and was not breathing.

26.     Emergency medical personnel had to suction secretions oozing from Mr. Hammon's mouth and nose, and despite resuscitative efforts, Mr. Hammon never regained a pulse.

27.     Mr. Hammon was transported to Southwest General Health Center in Middleburg Heights, Ohio where he was pronounced dead at 11:45 PM.

28.     On August 31, 2011, the Cuyahoga County Medical Examiner issued its determination that the manner of Howard Hammon's death was Homicide.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendants Holderbaum, Burgett, Duff, and Bulka**
**for Excessive Force in Violation of the Fourth Amendment)**

29.     Plaintiff incorporates by reference each and every preceding paragraph as if fully rewritten herein.

30.     At the aforementioned times and place, Defendants Holderbaum, Burgett, Duff, and Bulka, acting under color of law and within the course and scope of their employment as police officers with Defendant Middleburg Heights, used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff's Decedent, Howard Hammon, including, but not limited to, several lengthy Taser gun applications, kicks, and strikes, all in violation of his rights guaranteed by the Fourth Amendment.

31.     Defendants Holderbaum, Burgett, Duff and/or Bulka's decision(s) to and/or conduct in positioning Mr. Hammon in the prone position, handcuffed, in grass, after struggling with and Tasering him several times itself also constitutes unnecessary, unreasonable, outrageous, and excessive force on Plaintiff's Decedent, Howard Hammon, in violation of his rights guaranteed by the Fourth Amendment.

32.     Defendants Holderbaum, Burgett, Duff, and Bulka's use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

33.     Faced with the circumstances present at the aforementioned times and place, reasonably prudent law enforcement officers/personnel would or should have

8

known that the uses of force described herein violated Howard Hammon's clearly established Fourth Amendment rights to be free from unreasonable and excessive uses of force and seizures.

34.    As a direct and proximate result of Defendants Holderbaum, Burgett, Duff and/or Bulka's uses of force in violation of Howard Hammon's Fourth Amendment rights, Plaintiff's Decedent, Howard Hammon, sustained economic and non-economic damages, including, but not limited to, physical injury, physical and emotional pain and suffering, and death.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Holderbaum, Burgett, Duff, and Bulka, jointly and severally, for:

a.    Compensatory damages in an amount that will fully and fairly compensate the Estate of Howard Hammon, III for Mr. Hammon's injury, damage, and loss;

b.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d.    All such other relief which the Court deems appropriate.

### SECOND CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants Middleburg Heights and Maddox for Customs and Policies Causing Constitutional Violations)**

35.    Plaintiff incorporates by reference each and every preceding paragraph as if fully rewritten herein.

36.    At all times relevant, Middleburg Heights General Police Order ("GPO") No. 05-004 ("GPO 05-004"), attached as Exhibit A, entitled "Taser X26 Handling and Deployment" "set[] forth the Middleburg Heights Police Department policy regarding the

9

training, handling, and deployment of the X26 Taser," the model used by Defendants Holderbaum, Burgett, and Duff on June 13, 2011.

37.    At all times relevant, GPO 05-004 constituted an official policy or custom of Defendants Middleburg Heights and/or Maddox.

38.    According to GPO 05-004, there is no limit, either in duration or number of applications that a Middleburg Heights police officer must abide by in using Taser guns on the public, including Plaintiff's Decedent, Howard Hammon.

39.    GPO 05-004 authorizes and/or does not prohibit or limit the use of Taser guns in a manner that substantially deviates from accepted police use and procedures concerning Taser guns, such that use of Taser guns by Middleburg Heights police officers, according to the City's policy, will likely, and did, result in the City's officers using Taser guns in a manner that constitutes excessive force in violation of the public, including Plaintiff's Decedent, Howard Hammon's Fourth Amendment rights.

40.    At all times relevant, GPO 05-004 was unconstitutional and/or applied/implemented in a manner that rendered it unconstitutional and/or in a manner that made it substantially certain that constitutional violations, including those visited upon Plaintiff's Decedent, Howard Hammon, would occur.

41.    GPO 05-004 and/or its implementation proximately caused the constitutional violations visited upon Plaintiff's Decedent, Howard Hammon, as described herein.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Middleburg Heights and/or Maddox in his official capacity, for:

a.  Compensatory damages in an amount that will fully and fairly compensate Plaintiff's Decedent, Howard Hammon, for his injury, damage, and loss;

b.  Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

c.  All such other relief which the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants Middleburg Heights and Maddox for Customs and Policies Causing Constitutional Violations – Failure to Adequately Train)**

42.  Plaintiff incorporates by reference each and every preceding paragraph as if fully rewritten herein.

43.  On information and belief, Defendants Middleburg Heights and/or Maddox failed to adequately and properly train and/or supervise Defendants Holderbaum, Burgett, Duff, and Bulka in, including, but not limited to, the proper use of Taser guns and the positioning of handcuffed/restrained arrestees/detainees.

44.  On information and belief, Defendants Middleburg Heights and/or Maddox implemented customs and policies for training and supervision of Middleburg Heights police officers on the use of force, use of Taser guns, seizures, arrests, and restraint/detention that, on their face, violate the Fourth Amendment.  Alternatively, on information and belief, Defendants Middleburg Heights and/or Maddox implemented otherwise facially valid customs and policies in such a manner that constitutional violations were likely to be and were visited upon the public, including Plaintiff's Decedent, Howard Hammon.

11

45.     As a direct and proximate result of Defendants Middleburg Heights and/or Maddox's customs and policies described herein, which violate the Fourth Amendment on their face, or otherwise are applied in such a manner such that Fourth and Amendment violations are likely to and do occur, Plaintiff's Decedent, Howard Hammon, sustained economic and non-economic damages, including, but not limited to, physical injury, physical and emotional pain and suffering and death.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Middleburg Heights and/or Maddox in his official capacity, for:

    a.     Compensatory damages in an amount that will fully and fairly compensate Plaintiff's Decedent, Howard Hammon, for his injury, damage, and loss;

    b.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    c.     All such other relief which the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Middleburg Heights and Maddox for Customs and Policies Causing Constitutional Violations - Ratification)**

46.     Plaintiff incorporates by reference each and every preceding paragraph as if fully rewritten herein.

47.     Defendants Middleburg Heights and/or Maddox, each of whom had final policymaking authority, ratified Defendants Holderbaum, Burgett, Duff and/or Bulka's conduct described herein and/or otherwise failed to investigate or punish said conduct.

48.     Defendants Middleburg Heights and/or Maddox's ratification referenced in the preceding paragraph constitute an official policy of Defendant Middleburg Heights and/or Maddox.

49.     Defendants Middleburg Heights and/or Maddox's ratification and/or failure to investigate or punish as described herein renders them liable to the Estate of Plaintiff's Decedent, Howard Hammon, for the constitutional violations alleged herein in accordance with *Marchese v. Lucas*, 758 F.2d 181 (6th Cir. 1985) and its progeny.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Middleburg Heights and/or Maddox, jointly and severally, for:

a.     Compensatory damages in an amount that will fully and fairly compensate Plaintiff's Decedent, Howard Hammon, for his injury, damage, and loss;

b.     Costs of suit and reasonable attorneys' fees; and

c.     All such other relief which the Court deems appropriate.

### FIFTH CLAIM FOR RELIEF
### (Common Law Assault and Battery Against Defendants Holderbaum, Burgett, Duff, and Bulka)

50.     Plaintiff incorporates by reference each and every preceding paragraph as if fully rewritten herein.

51.     On June 13, 2011, Defendants Holderbaum, Burgett, Duff, and Bulka threatened bodily harm against Plaintiff's Decedent, Howard Hammon, which caused him to be in fear of imminent peril and death.

52.     On June 13, 2011, Defendants Holderbaum, Burgett, Duff, and Bulka had apparent authority and ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch and injure Plaintiff's Decedent, Howard Hammon.

13

53.     Defendants Holderbaum, Burgett, Duff, and Bulka assaulted and battered Plaintiff's Decedent, Howard Hammon, willfully, with malicious purpose, in bad faith, or in a reckless, or wanton manner.

54.     As a direct and proximate result of being assaulted and battered by Defendants Holderbaum, Burgett, Duff, and Bulka, Plaintiff's Decedent, Howard Hammon, sustained economic and non-economic damages, physical injuries, physical and emotional pain and suffering, and death.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Holderbaum, Burgett, Duff, and Bulka, jointly and severally, for:

   a.     Compensatory damages in an amount that will fully and fairly compensate Plaintiff's Decedent, Howard Hammon, for his injury, damage, and loss;

   b.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

   c.     Costs of suit and reasonable attorneys' fees; and

   d.     All such other relief which the Court deems appropriate.

### SIXTH CLAIM FOR RELIEF
**(Wrongful Death)**

55.     Plaintiff incorporates by reference each and every preceding paragraph as if fully rewritten herein.

56.     As a direct and proximate result of all of the Defendants' conduct described herein, individually and/or collectively, Plaintiff's Decedent, Howard Hammon, suffered his untimely and wrongful death.

57.     The next of kin of Plaintiff's Decedent, Howard Hammon, have and will forever continue to suffer those injuries and damages set forth in Ohio's wrongful death statutes.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, jointly and severally, for:

a.     Compensatory damages in an amount that will fully and fairly compensate Plaintiff's Decedent, Howard Hammon's next of kin for their injuries, damages, and loss;

b.     All reasonable funeral and burial expenses;

c.     Costs of suit and reasonable attorneys' fees; and

d.     All other damages recoverable under Ohio's wrongful death statutes, including all such other relief which the Court deems appropriate.

*A TRIAL BY JURY IS HEREBY REQUESTED.*

s/ Nicholas A. DiCello
DENNIS R. LANSDOWNE  (0026036)
NICHOLAS A. DICELLO  (0075745)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*dlansdowne@spanglaw.com*
*ndicello@spanglaw.com*

*Counsel for Plaintiff*